1998 ME 172

**Priscilla J. CUTTS**

v.

**Joseph B. COFFEY, et al.**[1]

Supreme Judicial Court of Maine.

Submitted on Briefs May 15, 1998.

Decided July 14, 1998.

Terry N. Snow, P.A., Cumberland Center, for plaintiff.

Ralph W. Brown, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1]   Defendant Joseph B. Coffey appeals from a judgment entered in the Superior Court (Cumberland County, *Bradford, J.*) in favor of plaintiff Priscilla J. Cutts.   The judgment declared that the heirs of Byron Pride owned certain property in Windham subject to the rights of lot owners, such as Priscilla J. Cutts, as shown on the Plan of Mt. Hunger Shores Subdivision.

■   [¶ 2]   We conclude that plaintiff had standing to bring this action by virtue of her interest in the rights of way as owner of a lot in said subdivision, *see Callahan v. Ganneston Park Dev. Corp.*, 245 A.2d 274, 278 (Me.1968), and we reject defendant's argument that she was required to prove that she had a fee interest in the rights of way.

■   [¶ 3]   Plaintiff   produced   evidence that demonstrated that the personal representative's authority to convey property on behalf of the Estate of Byron Pride terminated one year after the personal representative filed the sworn statement closing the estate in July, 1987.   *See* 18–A M.R.S.A. §§ 3–608, 3–610(a), 3–711, and 3–1003(b) (1998).   Because the personal representative no longer had the authority to convey the property to him by the deeds executed in 1992 and 1993, defendant acquired no interest.   *See Calthorpe v. Abrahamson*, 441 A.2d 284, 287 (Me.1982).   Further, his argument that he was a bona fide purchaser is without merit, *see* 18–A M.R.S.A. § 3–714 (1998), and his equitable estoppel argument was not preserved.

[¶ 4]   It is necessary, however, to clarify the court's declaration to reflect proper terminology and intent.   The record reveals

---

1.   The other defendants and parties-in-interest did        not appeal.

that Byron Pride died testate. His ownership, therefore, devolved to the devisees under the will and not to his heirs as if he died intestate. *See* 18–A M.R.S.A. § 3–101 (1998). Moreover, the court's declaration of ownership is necessarily confined to a determination of the rights as between the parties to this litigation.

The entry is:

Judgment modified in accordance with the directions herein, and, as so modified, affirmed.